IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

EBENEZER OHENE SAKYI,

    Plaintiff,

v.      Civil Action No. 1:18-cv-265

NATIONSTAR MORTGAGE, LLC,
et al.,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On April 28, 2006, Plaintiff obtained a home mortgage loan from First Equity Mortgage Incorporated in the amount of $603,000. The loan included an Interest Only Adjustable Rate Note and a Deed of Trust that placed a lien on the property. Attached to the Note is a special endorsement from the original lender to Countrywide Bank, N.A., a special endorsement from Countrywide Bank, N.A. to Countrywide Home Loans, Inc., and a blank endorsement from Countrywide Home Loans, Inc. Sometime after origination, the loan was transferred to Deutsche Bank, and Nationstar has been the servicer of the loan since July 2013.

Plaintiff alleges that beginning in 2009 the interest rate was not properly adjusted following the terms of the note. Further, Plaintiff alleges that the date the adjustments appeared on his statements, if they occurred at all, was improper under the terms of the note. Plaintiff also alleges that the Defendants did not properly apply his loan payments under the terms of the note.

Plaintiff filed for relief under Chapter 7 of the U.S. Bankruptcy Code on August 11, 2010. Following his bankruptcy discharge, Plaintiff on multiple occasions sought loan modifications from loan servicer Nationstar. The loan had been approved for assistance six times but Plaintiff rejected all offers. Plaintiff alleges discrimination in the processing of these assistance packages as the reason for rejecting them. As of February 2017, the amount owed on the loan is $344,487.76.

Plaintiff filed this lawsuit on February 15, 2018, in Prince William County Circuit Court. The suit was timely removed to this Court. Plaintiff's original Complaint was dismissed on June 22, 2018 and he filed an Amended Complaint on July 12, 2018. Defendants' have moved to dismiss.

A motion to dismiss tests the sufficiency of the complaint. See <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and construe those facts

in the light most favorable to the plaintiff. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, <u>Iqbal</u>, 556 U.S. at 679; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

Plaintiff filed eight counts claiming: Express Terms of Contract Breach (Count I), Breach of Contract Unjust Enrichment (Count II), Breach of Unwritten Contract (Count III), Violations of the Equal Credit Opportunity Act and Virginia Equal Credit Opportunity Act(Count IV), Violation of the Virginia Consumer Protection Act (Count V), Violations of Regulation X and the Real Estate Settlement Procedures Act (Count VI), Declaratory Judgment (Count VII), and Violation of the Fair Debt Collection Practices Act (VIII).

On Counts I and II the Court finds that both counts are barred by the statute of limitations. For Count I, Plaintiff argues that interest rate adjustments on his loan should have been made as early as May 1, 2009 – more than five years ago. The statute of limitations for breach of a written contract in Virginia is five years and Plaintiff filed this suit in February 2018. For Count II, a claim for unjust enrichment must be brought within three years from the accrual of the cause of action. Plaintiff's unjust enrichment allegations date as far

back as July 2014. Both Counts I and II are untimely. Plaintiff attempts to skirt the issue of statute of limitations by stating that he is only making claims for the time period within the statute of limitations. This is unavailing, however, as Plaintiff is merely attempting to make claims for the lingering effects of breaches he alleges began outside the limitations period.

For Count III, breach of an unwritten contract, Plaintiff still does not set forth sufficient factual allegations to maintain a claim. Plaintiff does not identify any provision in a contract that establishes that he is entitled to a loan modification that includes a principal reduction. Further, Plaintiff does not set forth sufficient allegations of an implied contract, and one may not be assumed.

Count IV, violations of the Equal Credit Opportunity Act (ECOA) and Virginia Equal Credit Opportunity Act (VECOA), also fails. Plaintiff complains that Defendants took adverse actions against him including not qualifying him for a loan modification and principal relief and not providing a statement of reasons for adverse actions. Under the ECOA, taking "adverse action" "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." 15 U.S.C.A. § 1691(d)(6). The VECOA uses the exact same language. Va. Code Ann. §6.2-500. Plaintiff was

already delinquent or in default at the times of the acts complained of. Plaintiff also concedes that he received notice that included reasons for denial, but he disagrees with the reasoning.

Plaintiff also alleges that he was subject to discrimination under the ECOA and VECOA. Under the ECOA it is "unlawful for any creditor to discriminate against any applicant . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C.A. § 1691(a)(1) Again, the VECOA has mirror language. Va. Code. Ann. §6.2-501. Plaintiff fails to plausibly allege facts to suggest that he was denied credit on the basis of his protected class. Plaintiff claims that he did not receive modifications on the same terms as other borrowers and provides examples, however, he fails to allege any facts showing that these borrowers were outside of his protected class. Count IV fails.

Count V fails because it does not plausibly allege facts to state a claim. Under the Virginia Consumer Protection Act (VCPA), a plaintiff must allege (1) fraud, (2) by a supplier, (3) in a consumer transaction. Va. Code. § 59.1-200(A); Nahigian v. Juno Loudoun, LLC, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). A consumer transaction is the "advertisement, sale, lease, license, or offering for sale, lease or license of goods or services to be used primarily for personal, family or household

5

purposes." Va. Code Ann. §59.1-198. Plaintiff's allegations do not sufficiently show that a consumer transaction is at issue here. See McFadden v. Fannie Mae, 2012 U.S. Dist. LEXIS 2391 (W.D. Va.) (finding that loan modifications are credit transactions, not consumer transactions and thus excluded from the VCPA); Smith v. U.S. Credit Corp., 626 F. Supp. 102, 103 (E.D. Va. 1985) (finding the VCPA inapplicable in consumer real estate transactions that are covered by the federal Consumer Credit Protection Act such as this one).

In Count VI, Plaintiff brings new claims for violations of Regulation X Section 1024.35 and the Real Estate Settlement Procedures Act (RESPA). For the violation of Section 1024.35, courts are split on whether a private right of action is provided. Compare Miller v. HSBC BANK U.S.A., N.A., No. 13-7500, 2015 WL 585589, at *11 (S.D. N.Y. Feb. 11, 2015) (finding that Section 1024.35 provides no private right of action); with, Guccione v. JPMorgan Chase Bank, N.A., No-14-4587, 2015 WL 1968114, at *11 (N.D. Cal. May 1, 2015) (finding Section 1024.35 to be enforceable under RESPA). Private citizens are generally unable to enforce federal law unless a private right of action is provided by Congress. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001). There is no explicit right of action provided for in 12 C.F.R. § 1024.35, thus Plaintiff does not have the ability to bring a claim under Section 1024.35. See Brown v.

Bank of N.Y. Mellon, No. 1:16-cv-194, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016) (noting the absence of a private right of action explicitly given in other sections of Regulation X, such as 12 C.F.R. § 1024.41).

As relates to Plaintiff's claim under RESPA, Congress specifically provided a private right of action. 12 U.S.C. § 2605(f)(1). However, Plaintiff has failed to allege any facts that would support a claim under RESPA. As a result, both parts of Count VI fail.

Plaintiff further alleges a claim for Declaratory Judgment (Count VII). Plaintiff made no material changes to this Count from his Complaint to his Amended Complaint. As a result, the Court continues to find that the allegations lack any basis or grounds for declaratory judgment to be appropriate here.

Lastly, Plaintiff adds a new claim for violations of the Fair Debt Collection Practices Act (FDCPA) (Count VIII). This claim is time-barred by the one-year statute of limitations. 15 U.S.C. § 1692k(d). This claim is based on the same facts underpinning Plaintiff's breach of contract claims. All of the actions Plaintiff alleges occurred more than one year prior to the filing of this lawsuit. Plaintiff again attempts to skirt the limitations period by stating he is only making claims for the ways he continues to be affected by the Defendants' actions. This is unavailing and Count VIII fails.

For the reasons mentioned, the Court concludes that Plaintiff failed to state plausible claims against the Defendants. Dismissal is granted to all Defendants. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 24, 2018